THE ONEIDA NATIONAL BANK vs. ANGELO PALDI AND LEWIS D. PALDI.

"Perishable property," in the statute providing for its sale, (*Comp. Laws*, 1274, § 4767,) when seized under attachment means only property in its own nature perishable, and not property which by extraordinary exposure may be liable to loss or destruction, if so situated that its safety can be provided for by the attaching officer.

*St. Clair Circuit*, 1871.

Application to Judge for an order to sell the personal property attached, for the reason that, as alleged, the property is perishable.

*By the Court*, MITCHELL, J.—The statute, Sec. 4767, *Comp. Laws*, provides for the sale, under the Circuit Judge's order, of "animals or perishable property" seized under an attachment, upon due proof of the perishable character of the property seized.— What proof is necessary is not provided by statute.

The affidavit on behalf of the attaching creditor in this case states that the property seized consists of a portable engine and boilers, a lath and shingle mill, gearing, belting, shafting and other machinery and articles usually connected with such an engine and machinery, situate on the lands of one of the defendants, at a remote place in the woods, from whence it cannot easily and withou injury be removed, and that it is liable to loss by trespass and theft or otherwise as now situated, and that to keep it safely requires two watchmen at a cost of four dollars a day, and if so held until judgment passes will cost to take care of it about five hundred dollars, while the whole value is about three thousand dollars.

It does not occur to me that the property described comes within the class of property meant or intended by the statute under the designation "perishable."

I think the statute means property perishable in its own nature or character, and not property that is or may be subject or liable to loss by trespass, larceny or fire.

If such is not the meaning of the statute, then a stock of goods or almost any possible description of personal property may be put in the class of perishable, if it happens to be in an exposed condition or situation.

If all such exposed property was intended to be covered by the statute, why did not the statute distinctly and in terms include property liable to loss by trespass, theft or fire, or by exposure.

If the property is in the exposed or dangerous condition claimed, then it is clearly the duty of the Sheriff to remove it to a safer place, at least all parts of it liable to be removed or taken away by other persons, by trespass or otherwise.

Order for sale refused.